**WORTHEY MOTOR COMPANY, INC.,**
Appellant,

v.

**Kathryn FRAZIER, Appellee.**

No. 17041.

Court of Civil Appeals of Texas.

Fort Worth.

July 11, 1969.

David F. Farris, Fort Worth, for appellant.

Al Clyde, and Dennis Morrow, Fort Worth, for appellee.

OPINION

RENFRO, Justice.

Plaintiff, Mrs. Frazier, a real estate broker, pleaded that because her signature was forged to several instruments by defendant, Worthey Motor Company, Inc., making it appear that she had bought a new automobile and executed a promissory note, chattel mortgage and other papers, followed by a wrongful repossession of the automobile by defendant, she was damaged in the amount of $50,000.00; that she in fact leased the automobile from defendant for a two year period at the rate of $100.00 per month.

She recovered a judgment for $3,000.00, being $1,500.00 actual and $1,500.00 exemplary damages.

Defendant has presented six points of error. The first four are based on the court's rulings on defendant's exceptions to plaintiff's pleadings. They do not present reversible error.

Point five attacks the wording of Issue No. 2. We find no reversible error therein.

The judgment must be reversed and the case remanded for a new trial because of the error set out in defendant's point of error No. 6, pertaining to Issue No. 4 of the court's charge.

In answer to the first three issues the jury found that defendant through an agent

forged or caused the signature of plaintiff to be forged on (a) certificate of title to the motor vehicle, (b) credit application, (c) promissory note in the sum of $3,648.00, (d) chattel mortgage, and (e) bill of sale with plaintiff's name after the word "accepted"; defendant caused the automobile to be repossessed to the damage of plaintiff.

Issue No. 4 was the damage issue. It read: "From a preponderance of the evidence find what sum of money, if any which, if paid now in cash, would reasonably compensate Mrs. Frazier for the damages (if any sustained by her) as a result of the forgery of the title papers to the 1966 Chevrolet automobile (inquired about in Special Issue No. 1) and the repossession of the 1966 Chevrolet automobile by the defendant Worthy Motor Company, Inc. (or by either such acts if any). * * *"

The jury was instructed that in determining the amount of damages sustained by plaintiff by reason of the forgeries and repossession of the automobile, it could take into consideration, "(a) Physical pain and mental anguish (if any); damage if any to her credit; humiliation and embarrassment (if any) from the date of the discovery by Mrs. Frazier of such forgery (if forgery you have found) and from the date of repossession of the 1966 Chevrolet automobile, or from either of such events, down to and including the present time. (b) If you find from a preponderance of the evidence that Mrs. Frazier will in reasonable probability suffer damages in the future, and beyond this date, in the way of physical pain and suffering, if any, mental anguish if any, damage if any to her credit, and humiliation and embarrassment if any, then you may take into consideration such future damages, if any." The jury answered $1,500.00.

■ Defendant excepted and preserved its exception to Issue No. 4, in that it permitted the jury to consider elements of damage not raised by the pleadings or the evidence, "this element being loss of credit and future damages."

After pleading the alleged wrongful acts of defendant, the plaintiff alleged "as a result thereof they did defame your Plaintiff and cause her a great deal of harm so far as her credit was concerned."

We fail to find any evidence whatever that plaintiff's credit was impaired, damaged, or probably would be damaged or impaired in the future as a result of the acts of defendant, or any evidence from which it could be legally presumed that plaintiff sustained damages to her credit.

Any amount of damages found by the jury on account of damage to plaintiff's credit had to be based on pure speculation and guesswork.

While she did offer evidence in support of other elements set out in the instructions, she wholly failed to offer any support to the element of past and/or future damage by reason of loss of credit.

■ The jury was not asked to make a finding of the amount of specific damages on each element, hence there is no possible way to determine how much of the $1,500.00 was awarded to plaintiff for the "no evidence" element of credit impairment. We therefore cannot reform the judgment or require a remittitur.

Even though the acts mights well have been considered by the jury to be wholly unworthy of Worthey Motor Company, the burden was on plaintiff to plead and prove her damages.

Reversed and remanded.